THOMAS R. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 25914-89
United States Tax Court
T.C. Memo 1991-294; 1991 Tax Ct. Memo LEXIS 340; 62 T.C.M. (CCH) 46; T.C.M. (RIA) 91294; July 3, 1991, Filed *340 Decision will be entered for the respondent. Held: Petitioner is required to capitalize rather than expense reforestation expenses and, therefore, petitioner is entitled to the investment tax credit for the years in issue as provided by respondent in the statutory notice of deficiency. Robert H. Albert, Sr., for the petitioner. Roderick H. Fillinger, for the respondent. WHITAKER, Judge. WHITAKER
MEMORANDUM OPINION Respondent determined deficiencies for the years 1985 and 1986 in the amounts of $ 5,612.72 and $ 5,278.85, respectively. The deficiencies result from respondent's disallowance of expenses for the 1985 and 1986 taxable years in the amounts of $ 28,063.58 and $ 26,394.29, respectively. Respondent determined that these expenses representing reforestation costs are not deductible and must be capitalized. For convenience, our Findings of Fact and Opinion are combined. Petitioner resided in Columbus, Ohio, at the time the petition in this case was filed. The parties have stipulated that petitioner has substantiated the disallowed expenditures for the 2 years in issue. Petitioner did not make an election on either his 1985 or 1986 tax return to amortize *341 the reforestation expenditures pursuant to section 194 [1] of the Internal Revenue Code. Petitioner's farm on which the timber is grown consists of 320 acres acquired in three parcels, one purchased approximately 20 years prior to the trial, the second parcel approximately 18 years prior to the trial, and the third parcel approximately 3 years prior to the trial. With the exception of 40 acres which in the year before the trial was planted in alfalfa, the remaining land was apparently set aside for tree farming. Petitioner's practice is to clear the land in the summer and fall and then plant pine seedlings in the spring. The record does not permit making a finding as to the number of acres which have actually been planted with pine seedlings. Petitioner has realized no gross income from the pine seedlings which have been planted. The seedlings are planted 8 feet apart so that *342 the weeds can be mowed on a regular basis. Petitioner also cuts the lower branches on the pine trees once a year which branches are then placed in a pile until they can be burned. The trial memoranda submitted by the parties prior to trial each state that the case involves two issues; whether petitioner is required to capitalize rather than to expense reforestation expenses in the 2 years, and whether petitioner is entitled to an investment tax credit of $ 1,000 for each of the 2 years which was allowed by respondent in the statutory notice. Since petitioner had deducted all of his costs, he obviously had not claimed any investment tax credit with respect to the tree farm. Neither trial memoranda raises any issue as to whether certain of the disallowed costs may be deducted because they relate to annual maintenance of the tree farm rather than to the cost of purchasing and planting pine seedlings. Petitioner's trial memorandum recites that the largest expenditure claimed for each year is depreciation and the largest cash expenditure is for labor expense "in preparing, planting, and maintaining the seedlings." The labor expense is not broken down on Schedule F attached to the *343 two tax returns on which the tree farming income and deductions were reported, but the total amount of depreciation claimed is set out on Schedule F as well as on Form 4562 for each year. After the trial a supplemental stipulation of facts was filed which details the expenses shown on the two Schedules F. On the day of the trial, for the first time, petitioner's counsel explained to respondent's counsel that petitioner intended to claim certain portions of these expenses as deductible even though we should find for respondent on the requirement for capitalization of expenses of clearing land and purchasing and planting seedlings. During the trial, the Court called to the attention of both parties that petitioner was raising what appeared to the Court to be a new issue, that is, that some portion of the depreciation and some portion of the labor expense would be deductible in any event. Respondent objects to the Court considering this new issue. We agree with respondent and decline to allow petitioner a partial deduction. Section 611(a) provides for the deduction of depletion and depreciation in connection with timber, as well as in connection with mines, oil and gas wells, and *344 other natural deposits. Section 1.611-3(a), Income Tax Regs., provides Amounts paid or incurred in connection with the planting of timber (including planting for Christmas tree purposes) shall be capitalized and recoverable through depletion allowances. Such amounts include, for example, expenditures made for the preparation of the timber site for planting or for natural seeding and the cost of seedlings.
See sec. 1.194-3(c), Income Tax Regs. See also Maple v. Commissioner, T.C. Memo 1968-194, affd. 440 F.2d 1055 (9th Cir. 1971); Powe Trust v. Commissioner, T.C. Memo 1982-488 n.24. Accordingly, we hold that petitioner is required to capitalize rather than expense reforestation expenses for the 2 years in issue. Since the issue as to the possible deduction of parts of these reforestation costs was not properly raised prior to the day of trial, there is simply no basis for allowing a deduction for any of the costs set out in the supplemental stipulation of facts. Since we have held that petitioner must capitalize the reforestation expenses, petitioner is entitled to the investment tax credit for the years in *345 issue as provided by respondent in the statutory notice. Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue.↩